JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mr. Coby Wiebe

**DEFENDANTS**
Robert Jenkins Franklin and Rains County, Texas

**(b)** County of Residence of First Listed Plaintiff: Rains
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Rains
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul Anderson, PLLC
601 North Street, Nacogdoches, Texas 75961

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Sec. 1983 and State Law Claims

Brief description of cause:
Texas Judge makes death threat against Defendant. Defendant's felony case set aside for coercion and intimidation. Violations of 1st, 4th, 8th, & 14t

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $2.5M

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE: May 1st, 2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| COBY WIEBE, **INDIVIDUAL** *Plaintiff,* | § § § § § | |
| V. | § § | CIVIL ACTION NO. |
| ROBERT JENKINS FRANKLIN, In His Individual Capacity, and RAINS COUNTY, TEXAS *Defendants.* | § § § § § | JURY TRIAL DEMANDED |

### PLAINTIFF COBY WIEBE'S

### ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

**NOW COMES** Plaintiff **Coby Wiebe** and complains of the County of Rains, Texas and Robert Jenkins Franklin, in his individual capacity, and will show the Court the following:

### JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims.

Venue is proper in this Court, under 24 U.S.C. § 1391(b) because the incident at issue took place in Rains County, Texas, within the United States Eastern District of Texas, Sherman Division.

### PARTIES

Plaintiff Coby Wiebe is an individual residing in Rains County, Texas.

Defendant R. Jenkins Franklin is an elected Justice of the Peace for Rains County, Texas, and is sued in his individual capacity and for acts outside judicial immunity.

Defendant Rains County, Texas is a governmental entity and political subdivision and may be served via its County Judge, Linda Wallace, at 167 E. Quitman St., Emory, Texas 75440.

## SUMMARY

This is a federal civil rights action brought by Plaintiff Coby Wiebe against Rains County Justice of the Peace R. Jenkins Franklin, in his individual capacity, and Rains County, Texas, for egregious violations of Plaintiff's constitutional and statutory rights. This lawsuit alleges that Defendant Franklin, acting outside any judicial capacity, issued a credible death threat to Plaintiff — stating "*dead men can't testify*" — in an effort to coerce a guilty plea in a criminal proceeding over which Franklin had no jurisdiction. Plaintiff contends this threat was part of a broader pattern of misconduct by Franklin, known to county officials who failed to intervene, giving rise to Monell liability against Rains County.

The Complaint asserts claims under 42 U.S.C. § 1983 for violations of the First, Fourth, Eighth, and Fourteenth Amendments, as well as claims under Texas law for official oppression, witness tampering, and intentional infliction of emotional distress. Plaintiff seeks actual, compensatory, and punitive damages, as well as attorney's fees and declaratory relief.

## FACTUAL ALLEGATIONS

On October 16th, 2023, Robert Jenkins Franklin, an elected Judge in Rains County, Texas, placed a 19-second phone call to the Plaintiff, Coby Wiebe. During the call, Judge Franklin stated, "I heard you have a problem with me, boy. You take that deal, boy — or dead men can't testify."

This threatening communication is substantiated by certified telephone records obtained through a subpoena to AT&T. (See Exhibit "A" – AT&T Records.) Further corroboration comes from a polygraph examination administered to Plaintiff on February 25, 2025. A licensed Texas Polygraph Examiner concluded: "It is my professional opinion that Mr. Wiebe's answers to the relevant test questions are considered to be truthful." (See Exhibit "B" – Polygraph Letter.)

The call occurred just two days before Plaintiff entered a "No Contest" plea in a felony case pending before the 8th Judicial District Court of Rains County, Texas.

Following the authenticated phone records and the verified polygraph results, the Rains County District Attorney, on behalf of the State of Texas, filed an agreed Motion to Dismiss the felony sentence

against Mr. Wiebe. The motion cited compelling evidence that "Defendant [Coby Wiebe] was coerced to testify falsely and to enter a plea of No Contest by an elected official of Rains County [Judge Jenkins Franklin], thus raising significant concerns about the voluntariness of plea." The State further urged the court to "set aside the verdict or permit the Defendant to withdraw his plea, dismiss the indictment against him, and that the Defendant be released from all penalties and disabilities resulting from the conviction in this case." (See Exhibit "C" – Motion w/ Order.)

Within 24 hours, the District Court signed and entered an order vacating Mr. Wiebe's conviction. The Plaintiff was granted judicial clemency—an extraordinary form of post-conviction relief. Notably, this relief was initiated not by defense counsel, but by the State of Texas itself.

Judicial clemency in Texas, provided under Article 42A.701 of the Texas Code of Criminal Procedure, is a rare and discretionary remedy. It permits a court to discharge a defendant from community supervision and set aside a conviction. This form of relief is neither automatic nor commonly granted, even in cases where a defendant has met all terms of probation. In many Texas counties, judicial clemency is granted only a handful of times annually—if at all.

The granting of such extraordinary relief by the State underscores the gravity of the constitutional violations in this case and highlights the exceptional nature of the Plaintiff's ordeal.

## NO JUDICIAL IMMUNITY

Plaintiff anticipates that Defendant Franklin may attempt to assert judicial immunity. That defense fails as a matter of law. Judicial immunity applies only to judicial acts taken in a judicial capacity within the judge's jurisdiction. Here, Franklin was not acting as a judge in Plaintiff's criminal case — in fact, he had no role in that proceeding whatsoever. Instead, Franklin placed a personal phone call to Plaintiff, outside of any courtroom, threatening him with death — stating, "*dead men can't testify*" — for the express purpose of coercing a plea in a case Franklin did not preside over. Such conduct was criminal, personal, and entirely extrajudicial. It was neither a judicial act nor within any jurisdiction Franklin possessed. As a result, **judicial immunity is inapplicable**. See *Mireles v. Waco*, 502 U.S. 9

(1991); *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Turner v. Raynes*, 611 F.2d 92 (5th Cir. 1980).

Even "bad" judicial acts are immune IF they are judicial acts, but acts taken in the clear absence of jurisdiction are NOT immune. *Mireles v. Waco*, 502 U.S. 9 (1991).

Judges aren't immune when they perform administrative, executive, or personal functions. *Forrester v. White*, 484 U.S. 219 (1988):

Judges only get immunity for acts of adjudication — issuing orders, hearing cases — not criminal conduct. *Stump v. Sparkman*, 435 U.S. 349 (1978):

Judges have no immunity when they engage in non-judicial conduct. *Turner v. Raynes*, 611 F.2d 92 (5th Cir. 1980) (Texas relevant):

## IV. CAUSES OF ACTION

### Count I: First Amendment – Retaliation.

Judge Franklin's credible death threat violated Plaintiff's First Amendment rights by retaliating against him for engaging in protected speech and lawful activity. Specifically, Franklin issued a credible death threat — "*dead men can't testify*" — in direct response to Plaintiff asserting claims against local officials and resisting unlawful influence. This threat was intended to silence Plaintiff from speaking in open court, suppress future legal action, and force a false narrative. As a result, Plaintiff was intimidated and coerced into providing false testimony and entering a No Contest plea under duress, calling into question the voluntariness and constitutionality of that plea.

### Count II: Fourth Amendment – Unlawful Seizure/Coercion.

Defendant Franklin's abuse of official authority and issuance of a credible death threat deprived Plaintiff of his Fourth Amendment right to be free from unlawful seizure. Franklin's conduct coerced Plaintiff into surrendering his liberty interests — including his right to a voluntary plea — under threat of violence. This manipulation of the criminal process, executed without jurisdiction or lawful basis,

constituted an unconstitutional seizure by means of intimidation, coercion, and abuse of power under color of state law.

### Count III: Eighth Amendment – Coerced Plea / Cruel Conditions.

Defendant Franklin's threat — "*dead men can't testify*" — instilled a credible and immediate fear of violence, amounting to cruel and unusual psychological punishment in violation of the Eighth Amendment. By weaponizing fear to coerce Plaintiff into a plea, Franklin inflicted unconstitutional mental suffering under color of state law. Because these actions were criminal, extrajudicial, and wholly outside any judicial function, Defendant Franklin is **not entitled to judicial immunity** for the misconduct alleged.

### Count IV: Fourteenth Amendment – Due Process.

Defendant Franklin's ex parte interference with pending criminal proceedings in District Court deprived Plaintiff of his fundamental Fourteenth Amendment rights to due process and judicial impartiality. Acting entirely outside his judicial role, Franklin coerced Plaintiff into providing false testimony and entering a No Contest plea through threats and intimidation. By undermining the fairness, voluntariness, and integrity of Plaintiff's criminal case, Franklin violated basic constitutional guarantees essential to the legitimacy of any judicial process.

### Count V: Civil Conspiracy to Violate Civil Rights.

Defendant Franklin knowingly coordinated with others, including parties involved in prior civil disputes, to discredit, intimidate, and maliciously prosecute Plaintiff. This concerted action was intended to chill Plaintiff's exercise of his constitutional rights and obstruct lawful access to the courts. By conspiring with others under color of state law to retaliate against Plaintiff, Franklin and his co-conspirators engaged in an unlawful agreement to violate clearly established civil rights protected by the Constitution and federal law.

### Count VI. Monell Liability Against Rains County, Texas.

Defendant Rains County, acting through its policymakers — including County Judge Linda Wallace and Commissioners Jeremy Cook, Mike Willis, Korey Young, and Lori Northcutt — exhibited

deliberate indifference to a known pattern of unconstitutional conduct by Judge Franklin. Despite repeated opportunities to investigate, discipline, or remove Franklin, County officials took no meaningful action. This sustained and knowing inaction reflects a de facto policy or custom of tolerating civil rights violations, and that policy was the moving force behind the injuries Plaintiff sustained. Rains County's indifference far exceeds the threshold of culpability required under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### Count VII. — Official Oppression (Texas State Law Claim).

Defendant Franklin, while acting under color of his official position as a Rains County Justice of the Peace, knowingly and intentionally subjected Plaintiff to unlawful threats, coercion, and intimidation. This conduct constitutes **official oppression** under **Texas Penal Code §39.03**, which prohibits public servants from misusing their authority to mistreat or improperly influence individuals. Franklin's actions were not only unauthorized and abusive, but criminal in nature, and they directly interfered with Plaintiff's protected legal rights.

### Count VIII. - Witness Tampering (Texas State Law Claim).

Defendant Franklin violated Texas Penal Code §36.05 by unlawfully attempting to influence and coerce Plaintiff to withhold truthful testimony and to enter a plea under duress. Acting under color of authority, Franklin issued a direct and credible threat intended to suppress Plaintiff's testimony and manipulate the outcome of a criminal proceeding. This conduct constitutes witness tampering under Texas law and represents a knowing and intentional interference with the administration of justice.

### Count IX. - Intentional Infliction of Emotional Distress (Texas Tort Claim).

Defendant Franklin engaged in extreme and outrageous conduct by threatening Plaintiff's life and coercing him into waiving his legal rights. Such conduct was intentional or, at minimum, reckless, and falls far outside the bounds of decency expected of any public official. As a direct result, Plaintiff suffered severe emotional distress, including anxiety, fear, and lasting psychological harm. Under Texas law,

Franklin is liable for intentional infliction of emotional distress, and Plaintiff seeks both compensatory and punitive damages.

## V. DAMAGES

As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has sustained significant harm. Accordingly, Plaintiff seeks the following relief:

Actual damages in an amount to be determined at trial;

Compensatory damages for mental anguish, emotional distress, and loss of liberty;

Punitive damages against Defendant Franklin for his willful, malicious, and unconstitutional actions;

Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

Pre-judgment and post-judgment interest as allowed by law.

Respectfully submitted,

**PAUL ANDERSON, PLLC**

Paul V. Anderson
SBOT №. 24089964
601 North Street
Nacogdoches, Texas 75961
Tel.   936.305.5600
E-mail: paul@paulandersonlaw.com

## VERIFICATION

STATE OF TEXAS § 

NACOGDOCHES COUNTY §

"My name is Coby Wiebe. I am over the age of 18 and I am fully competent in all respects to swear this Verification. I have personal knowledge of the facts of this Original Complaint. I swear and affirm the facts stated herein and the exhibits attached hereto are true and accurate.

FURTHER AFFIANT SAYETH NOT."

_____
Coby Wiebe

SUBSCRIBED AND SWORN TO BEFORE ME on this, the 1st day of May, 2025.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

VICTORIA L R STAPP
Notary Public
State of Texas
ID # 124871406
My Comm. Expires 03-25-2028