**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| COBY WIEBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-149-JDK-JDL |
| | § | |
| ROBERT JENKINS FRANKLIN, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Coby Wiebe brings this civil rights lawsuit under 42 U.S.C. § 1983, alleging that Defendant Robert Jenkins Franklin used his authority as a Justice of the Peace to coerce Plaintiff to accept a plea deal. Docket No. 88. On May 21, 2026, Defendant filed a motion to dismiss Plaintiff's suit for failure to state a claim. Docket No. 90. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On June 18, 2026, Judge Love issued a Report recommending that the Court deny Defendant's motion to dismiss. Docket No. 98. Defendant timely objected. Docket No. 99.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

In his objections, Defendant states that Plaintiff's complaint should be dismissed because it is based on a single statement in a telephone call made by Defendant, who was not even involved in Plaintiff's underlying criminal case. Docket No. 99 at 6. Perhaps so, but Plaintiff still "plead[s] facts sufficient to show that [his] claim has substantive plausibility," *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Defendant's alleged statement appears to plausibly leverage his authority as a state official to coerce Plaintiff. Docket No. 88 ¶ 11 ("I heard you have a problem with me, boy. You take that deal, boy, or dead men can't testify."); *see Griffin v. State of Md.*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objection is without merit. Accordingly, the Court **OVERRULES** Defendant's objection (Docket No. 99) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 98) as the opinion of the District Court. Defendant's motion to dismiss (Docket No. 90) is **DENIED**.

**So ordered and signed on this**

**Aug 6, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE